# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| THEODORE POINTER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:17-cv-01591 |
| JOE SCOTT, et al., | ) ) ) | Judge Trauger |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Theodore Pointer is an inmate at the Rutherford County Adult Detention Center in Murfreesboro, Tennessee. He has filed *pro se* a complaint (Doc. No. 1) pursuant to 42 U.S.C. § 1983 and an application to proceed in forma pauperis (Doc. No. 2).

It appears from his application that the plaintiff lacks sufficient financial resources from which to pay the fee required to file the complaint. Accordingly, plaintiff's application is **GRANTED**. The Clerk will file the complaint in forma pauperis. 28 U.S.C. § 1915(a).

The plaintiff is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

    (a)    twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; **or**

    (b)    twenty percent (20%) of the average monthly balance in the plaintiff's inmate

trust account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

The plaintiff is African-American. He alleges that Joe Scott and three other supervisors at the Rutherford County Adult Detention Center have maintained a policy of discrimination against African-American prisoners in the assignment of jobs around the Detention Center. Doc. No. 1 at 6. To illustrate, the plaintiff alleges that he and two other African-American inmates were terminated from their work assignments simply "because we were complaining of not being able to go to work." *Id*. He claims that racial slurs are used by the defendants and describes a series of instances in which other African-American prisoners were terminated from their work assignments and replaced by white inmates. *Id* at 7.

The Equal Protection Clause prevents a county from making distinctions that (1) burden a fundamental right; (2) target a suspect class; or (3) intentionally treat one individual differently from others similarly situated without any rational basis. Johnson v. Bredesen, 624 F.3d 742, 746 (6th Cir. 2010).

Here, the plaintiff alleges that he and other members of a suspect class have been terminated from their work assignments for no other reason than racial animus. The Court finds that such an allegation is sufficient to state a colorable claim for § 1983 relief. 28 U.S.C. § 1915A; *see* Mitchell v. Dutton, 1989 WL 933 at 1 (6th Cir. Jan. 3, 1989).

Accordingly, the Clerk is instructed to send the plaintiff a service packet (a blank summons and USM 285 form) for each defendant named in this action. The plaintiff will complete the service packets and return them to the Clerk's Office within twenty one (21) days of the date of receipt of this order. Upon return of the service packets, **PROCESS SHALL ISSUE** to the defendants. The plaintiff is forewarned that the failure to return the completed service packets within the time required could jeopardize his prosecution of this action. He is also forewarned that his prosecution of this action will be jeopardized should he fail to keep the Clerk's Office informed of his current address.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b), Fed.R.Civ.P., and the Local Rules of Court. The Magistrate Judge may recommend the dismissal of any claim for the reasons set forth in 28 U.S.C. § 1915(e)(2).

The Clerk is instructed to send a copy of this order to the Sheriff of Rutherford County to ensure that the custodian of plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge