IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THEODORE POINTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:17-cv-01591 |
| ) | Judge Trauger / Frensley |
| JOE SCOTT, RICHARD GRISSOM, ) | |
| CHRIS FLY, AND BERNARD SALANDY, ) | |
| ) | |
| Defendants. ) | |

# REPORT AND RECOMMENDATION

## I. Introduction and Background

This matter is before the Court upon Defendants' Motion to Dismiss. Docket No. 18. Along with their Motion, Defendants have contemporaneously filed a supporting Memorandum of Law. Docket No. 19.

Plaintiff has filed a Response. Docket No. 24. Plaintiff has additionally filed the "Affidavit of Darcell Sykes" with attached letter. Docket Nos. 28, 29.

Defendants have filed a Reply. Docket No. 30.

Plaintiff filed this pro se, in forma pauperis action pursuant to 42 U.S.C. §1983 alleging that Defendants violated his rights when they terminated him, and other African-American inmates, from their particular Jail work detail and replaced them with Caucasian inmates. Docket Nos. 1, 6. Plaintiff avers that he was terminated for reportedly "complaining of not being able to go to work." *Id.* Plaintiff essentially argues that this was pretext; he contends that his termination (along with the termination of other African-American inmates) "appears to be

racially motivated"; and he contends that Defendant Joe Scott and his staff have developed a racially biased environment. *Id.* Plaintiff also asserts that he heard Defendants refer to African-Americans as "colored," and heard statements such as "Y'all are not at the back of the bus anymore." *Id.* Plaintiff further avers that Defendants Richard Grissom and Bernard Salandy were aware of the racial discrimination and had the ability to report and investigate the terminations but failed to do so, and that Defendant Chris Fly was aware of the terminations but did nothing about them. *Id.* Plaintiff argues that the "terminations affect [*sic*] the sentencing and behavior credits of inmate workers." *Id.* Plaintiff additionally argues that, because of his termination, he was removed from the inmate work unit and placed in general population. *Id.*

As for his constitutional allegations in particular, Plaintiff maintains:

> There are no written policies or rules in the inmate handbook that addresses the behavior of officers or staff with racial discrimination that inmates are entitled to file a Title VI complaint, but the affects of filing a Title VI complaint comes with consequences as from an African-American inmate from July 11, 2017. Defendant Lt. Richard Grissom becomes personally involved by having knowledge of such behavior and did nothing to fix it. This is a violation of Plaintiff's 1st Amendment rights, that he was unable to express himself concerning issues in fear of lost job, lost program and behavior credits. Defendants, Lt. Richard Grissom, and Sgt. Joe Scott violated his 14th Amendment violation of Due Process and Equal Protection that he was not given a disciplinary hearing if it regarded the revolves of terminating Plaintiff as a maintenance helper. Defendants making racial comments, slurs, discrimination, racial bias is an act of officials abusing their authority act under "color of law."

Docket No. 6, p. 6.

Plaintiff sues Maintenance Supervisor Joe Scott, Job Coordinator Richard Grissom, Chief of Security Chris Fly, and Jail Administrator Bernard Salandy (all employees of the Rutherford

County Jail) in their official capacities, seeking that Defendants "be held in contempt for racial discrimination"; that the Justice Department investigate the Rutherford County Jail "for racial discrimination and racial bias amongst offender population"; that Defendants be ordered to "show cause for their actions and reports of their investigation"; and "$75.00 a day of each lost sentence credit." Docket No. 1. Plaintiff further seeks removal of Defendants from their "positions of authority," and an order requiring Defendants to "attend any classes or programs relating to discrimination, race, and bias." Docket No. 6.

Defendants filed the instant Motion and supporting Memorandum arguing that this action should be dismissed because: (1) there is no constitutional right to a particular job at a Jail under federal or state law and therefore no constitutional right of Plaintiff's that could have been violated; (2) Defendants are entitled to qualified immunity; (3) to the extent that the Complaint is construed as one against the government instead of the individual Defendants, Plaintiff cannot receive monetary damages; and (4) in addition to there being no constitutional right to any particular job in Jail, Plaintiff has not pled sufficient facts to give rise to a First Amendment or Equal Protection claim. Docket Nos. 18, 19.

Plaintiff filed his Response arguing that his claim is about racial discrimination and racial bias, not about having a constitutional right to a particular job. Docket No. 24. Plaintiff maintains that Defendants are in violation of the Equal Protection Clause because they "cannot make a distinction that (1) burden a fundamental right; (2) target a suspect class; (3) intentionally treat one individual differently from others similarly without any rational basis." *Id.* (citation omitted). Plaintiff clarifies, "So job assignment is not in question, but how officials use race as a basis in determining institutional jobs, and only African-Americans were targeted, and such race

3

determination and bias is a abuse of their authority under color of law." *Id.* Plaintiff notes that he is a TDOC inmate who is housed in the Jail and that he is subject to TDOC policies, one of which states that inmates shall be assigned to work, educational, and/or vocational training programs when positions in those programs are available. *Id.*

Plaintiff additionally responds: "The Equal Protection Clause is simple in it's legal definition. If Defendants use race discrimination and bias as a means to hire and terminate inmates from work assignments, then Equal Protection is infringed, and if such infringed behavior affects all the African-Americans on a work assignment or job, then Defendants are held responsible and violate Plaintiffs rights." *Id.* Plaintiff essentially argues that Caucasian inmates are treated differently than African-American inmates and that the termination of African-American inmates from their work detail and replacing them with Caucasian inmates "causes deliberate indifference." *Id.* Plaintiff further notes that "facilities <u>shall</u> administer due process guarantees," but contends that the Jail failed to do so. *Id.*

As to Defendants' assertion that they are entitled to qualified immunity, Plaintiff responds, "only the sheriff qualifies for immunity if any," while other officials can be sued and are not immune. *Id.* Plaintiff contends that "Defendants are not State of Tennessee employees, they are not employees of any State of Tennessee Government and does not qualify for immunity." *Id.* Accordingly, Plaintiff argues that Defendants' Motion should be denied.[1]

Defendants, in their Reply, essentially argue that no matter how Plaintiff characterizes it,

---

[1] Plaintiff has additionally filed the "Affidavit of Darcell Sykes," which is a statement verifying an attached letter written by Mr. Sykes recounting his experience with being discriminated against in his hiring and firing in the Jail's maintenance department. Docket Nos. 28, 29.

the basis of his lawsuit relates to his jail job. Docket No. 30. Defendants note that Plaintiff has not filed a Title VII discrimination claim, but rather, has filed a claim under 42 U.S.C. §1983, which requires a claim premised on a right secured by the federal constitution or laws. *Id.* Defendants reiterate their contention that, because there is no federal constitutional provision or law that protects Plaintiff's right to any particular job while in jail, it necessarily follows that there can be no §1983 lawsuit. *Id.* Defendants maintain, "Simply adding the word 'race' or 'discrimination' does not itself create a claim when there is no underlying property or constitutional right." *Id.* Defendants argue that because there is no federal constitutional right supporting Plaintiff's allegations, his claims necessarily fail, such that their Motion should be granted and this action be dismissed. *Id.*

For the reasons discussed below, the undersigned recommends that Defendants' Motion to Dismiss (Docket No. 18) be GRANTED.

## II. Law and Analysis

### A. Motion to Dismiss: Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the

5

speculative level"; they must "state a claim to relief that is plausible on its face." *Id*. At 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

556 U.S. at 678-79 (citations omitted).

**B. 42 U.S.C. § 1983**

Plaintiff alleges violations of his First and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. *See* Docket Nos. 1, 6. Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities

6

> secured by the Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other proper
> proceeding for redress...

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988)*, citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255*, quoting United States v. Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

**C. The Case at Bar**

In the case at bar, Plaintiff essentially makes Title VII accusations that are brought pursuant to 42 U.S.C. §1983. *See* Docket Nos. 1, 6. As discussed above, in order to state a claim under §1983, however, there must be the violation of a right secured by the federal constitution or laws, and that violation must have been committed by a person acting under color of state law. While the gravamen of Plaintiff's allegations is that he was terminated from his Jail position due to racial discrimination and racial bias, there simply is no right secured by the federal constitution or laws to a job while in Jail, much less to a particular job or to a job of one's choosing. Additionally, Tennessee law does not give inmates a clearly defined right to a

7

particular Jail job. Moreover, since there is no property right or liberty interest for inmates in a job while incarcerated, there is no right that could have been violated to any wages or behavior credits. *See Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989).

Because there is no right secured by the federal constitution or laws in a particular Jail job, Plaintiff simply cannot sustain his §1983 claims under any of his alleged theories. Accordingly, Defendants' Motion should be granted.

### III. Conclusion

For the foregoing reasons, the undersigned recommends that Defendants' Motion to Dismiss (Docket No. 18) be GRANTED and that this action be DISMISSED WITH PREJUDICE.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
JEFFERY S. FRENSLEY
United States Magistrate Judge